FILED



4:19 pm, 6/2/23

**Margaret Botkins**
**Clerk of Court**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA

           Plaintiff(s)

vs

VICTORIA ZUPKO

           Defendant(s)

Case Number: 23-cr-71-ABJ

## DISCOVERY AND SCHEDULING ORDER

The Court has arraigned the defendant(s) in this criminal action. Trial is scheduled to commence on <u>July 10, 2023</u>. To streamline the discovery process and motions practice, the Court deems the following discovery is authorized and the following deadlines are set. **IT IS HEREBY ORDERED** as follows:

### DISCOVERY ORDER

**1. DEFENDANT IS DEEMED TO HAVE REQUESTED DISCOVERY UNLESS A WAIVER IS FILED:** Unless the defendant files a signed waiver of discovery within seven (7) days of the entry of this Order, the Court will deem the defendant to have requested discovery and be subject to reciprocal discovery obligations of Fed. R. Crim. P. 16.

**2. DISCLOSURE OF EVIDENCE BY THE GOVERNMENT:** Unless the defendant has filed a waiver of discovery, the government shall provide to defendant's counsel, no later than seven (7) days after entry of this Order, all the information to which the defendant is entitled pursuant to Fed. R. Crim. P. 16, namely:

    **(A) Defendant's Statements:** The government shall disclose and make available for inspection, copying or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known or by the exercise of due

WY63
Rev. 12/08/2022

diligence may become known to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged.  The government shall also disclose to the defendant the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

**(B)** **Defendant's Prior Record:** The government shall furnish to the defendant such copy of the defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.

**(C)** **Documents and Tangible Objects:** The government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

**(D)** **Reports of Examinations and Tests:** The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations and scientific tests or experiments which are within the possession, custody, or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

**3.    RECIPROCAL DISCLOSURE OF EVIDENCE BY THE DEFENDANT:** If the defendant has not filed a waiver of discovery and the government has complied with its discovery obligations, the defendant shall disclose to the government the following Rule 16 discovery obligations no later than fourteen (14) days after the government's disclosure:

**(A)    Documents and Tangible Objects:** The defendant shall permit the government to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

**(B)    Reports of Examinations and Tests:** The defendant shall permit the government to inspect and copy or photograph any results or reports of physical or mental examinations and scientific tests or experiments made in connection with the particular case within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

**4.    EXPERT WITNESS DISCLOSURES:** The parties must disclose all expert witnesses as follows:

**(A)    Government's Expert Witnesses:** If the defendant has not filed a waiver of discovery, then no later than twenty (20) days prior to trial the government shall disclose to the defendant a written summary of testimony the government intends to use under Federal Rules of Evidence 702, 703 or 705 during its case-in-chief at trial. This summary must identify the witnesses as well as describe the witnesses' opinions, the bases and reasons therefor, their qualifications, and a list of all other cases in which, during the previous four (4) years, the witness has testified as an expert.

**(B)    Defendant's Expert Witnesses:** If the defendant has not filed a waiver of discovery and the government has complied with its obligation to disclose expert

witnesses, then no later than ten (10) days prior to trial the defendant shall disclose to the government a written summary of testimony the defendant intends to use under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief at trial.  This summary must identify the witnesses as well as describe the witnesses' opinions, the bases and reasons therefor, their qualifications, and a list of all other cases in which, during the previous four (4) years, the witness has testified as an expert.

5. **CONTINUING DUTY TO DISCLOSE:** The Court recognizes there may be information subject to discovery or inspection that is not within the possession or control of the parties until after the initial discovery dates.  If prior to or during trial, a party discovers additional evidence or material that is subject to discovery or inspection under Fed. R. Crim. P. 16 and/or this Order, the party shall promptly disclose its existence to the other party.

6. **GOVERNMENT'S DISCLOSURE OF *BRADY* AND *GIGLIO* MATERIALS:**  The government shall disclose evidence and materials favorable to the defense as follows:

   **(A)** *Brady* **Evidence:** The government must <u>promptly</u> disclose to the defendant all material for which disclosure is mandated by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.  Pursuant to the Due Process Protections Act and Fed. R. Crim. P. 5(f), the government is reminded of its obligations under *Brady v. Maryland* and its progeny to disclose evidence that is favorable to the defendant and material to the defendant's guilt or punishment. Any failure to disclose such materials in a timely manner may result in dismissal of the indictment or information, dismissal of individual charges, exclusion of government evidence or witnesses at trial, a finding of contempt of court against the individual prosecutor(s), and/or any other remedy that is just under the circumstances.

   **(B)** *Giglio* **Evidence:** The government shall disclose to the defendant ten (10) days prior to trial (or as soon as possible if discovered later) all material for which disclosure is mandated by *Giglio v. United States*, 405 U.S. 150 (1972), and its

progeny.

**7.     VOLUNTARY EARLY DISCLOSURE OF WITNESS STATEMENTS:** The parties may agree to the following disclosures:

**(A)     Defendant's Early Disclosure of Recorded Witness Statements:** In connection with Fed. R. Crim. P. 26.2 and Fed. R. Evid. 613, should the defendant plan to examine a witness (other than the defendant) at trial with respect to any prior recorded statement of that witness, the defendant should make available to the government seven (7) days prior to trial the substance of the recorded statement.  If the defendant does not comply with this early disclosure schedule, however, the government is excused from complying with the following Subparagraph (B).

**(B)     Government's Early Disclosure of Jencks Act Materials:** Upon the defendant's compliance with Subparagraph (A), the government must make available to the defendant five (5) days prior to trial the material for which disclosure is mandated by the Jencks Act, 18 U.S.C. § 3500, Fed. R. Crim. P. 26.2, and Fed. R. Evid. 613.  If the defendant does not comply with Subparagraph (A), though, the government may wait to disclose these materials at trial in compliance with 18 U.S.C. § 3500, Fed. R. Crim. P. 26.2, and Fed. R. Evid. 613.

**8.     FURTHER DISCOVERY MOTIONS SHALL NOT BE ALLOWED BY EITHER PARTY EXCEPT AS AUTHORIZED BELOW:**

**(A)**     The defendant may file with the Court a particularized "Notice of *Brady* Requests" made to the government in order to satisfy any specificity requirements under *United States v. Agurs*, 427 U.S. 97 (1976).

**(B)**     If a party contends the opposing party has not provided the material required to be produced by law and/or this Order, that party may petition the Court for its disclosure only after a specific request for production has been denied by the opposing party.  Such petitions must be filed no later than fourteen (14) days prior to trial.  Any responses to such petitions shall be filed no later than seven (7) days after the petition is

filed. A petition will not be refused as untimely where the opposing party has previously declined production on the grounds of present unavailability of the evidence or where the applicable law does not require production until after the deadline. However, the Court will deny any such petition unless the party seeking production:

> **(i)** Identifies with specificity the evidence required to be disclosed and the authority requiring its production; and
>
> **(ii)** Identifies the attorney to whom a specific request for disclosure was made, the date such request was made, the date the disclosure was denied, and the proffered reason(s) for denial.

**9. PRESERVATION OF TAPES, NOTES, AND OTHER MEMORANDA:** The government shall not purposefully destroy any tapes, notes, surveillance logs, reports, memoranda, or communications generated in connection with this case until it is resolved.

**10. DISCOVERY REVIEW BY THE DEFENSE TEAM:**

**(A)** For purposes of this Order, the "Defense Team" includes: (1) defense counsel, (2) any investigator or paralegal assisting defense counsel in this case, (3) any expert retained to assist in the defense of this case, and (4) the defendant when in the presence of at least one other Defense Team member.

**(B)** Unless otherwise addressed by the parties, discovery material not otherwise governed by a separate protective order shall not be disseminated to any person outside of the Defense Team unless: (1) disclosure is necessary for the sole purpose of preparing the defense (including sentencing and appeal), and (2) the Defense Team maintains custody of the material at all times. If the defendant is in custody, however, the defendant may review material not otherwise covered by a separate protective order outside the presence of other Defense Team members if the material is viewed at the detention facility on a secure hard drive or other secure electronic device provided to the detention facility by defense counsel. The hard drive or other secure electronic device shall remain in the custody and control of the detention facility, and the

defendant may view it only in accordance with the detention facility's policies and procedures. When viewing the material, the defendant may make notes, but may not make copies of the material or otherwise attempt to electronically save, store, or transfer the material. It is the obligation of defense counsel, not the government, to place the material on a secure hard drive or other appropriate and secure electronic device for the defendant to view.

11. **NON-DISCOVERY MATERIAL:** Unless otherwise addressed by the parties, any materials obtained by the defendant outside of the discovery process with the United States shall not be subject to the restrictions of the preceding paragraph.

## PRETRIAL FILING DEADLINES

12. **DEFENDANT'S MOTIONS TO SUPPRESS, MOTIONS TO DISMISS, AND MOTIONS FOR BILL OF PARTICULARS:** No later than fourteen (14) days prior to trial, the defendant shall file any motion to suppress, motion to dismiss, or motion for bill of particulars, including all motions under Fed. R. Crim. P. 12(b)(3)(A) -(D) and Fed. R. Crim. P. 7(f). As required by Local Criminal Rule 47.1(a), the government shall file its response(s) to such motion(s) no later than fourteen (14) days after the motion is filed.

13. **DEFENSE NOTICES UNDER RULES 12.1, 12.2, AND 12.3:** The government is deemed to have requested notice of an alibi defense under Fed. R. Crim. P. 12.1(a)(1). No later than fourteen (14) days prior to trial, the defendant shall provide written notice of his or her intent to present an alibi defense under Fed. R. Crim. P. 12.1, an insanity defense under Fed. R. Crim. P. 12.2, and/or a public-authority defense under Fed. R. Crim. P. 12.3.

14. **NOTICE OF INTENT TO USE EVIDENCE AT TRIAL PURSUANT TO FED. R. EVID. 404(b) AND 807:** Any party intending to introduce evidence at trial under Federal Rules of Evidence 404(b) or 807 shall file a notice of such intent no later than fourteen (14) days prior to trial. Any response to such notices shall be filed no later than seven (7) days

after the notice is filed.

15.     **OTHER PRETRIAL MOTIONS:** All other pretrial motions by any party, including motions in limine and challenges under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed no later than fourteen (14) days prior to trial. Responses shall be filed no later than seven (7) days after the motion or challenge is filed.

16.     **JOINT STATUS REPORT:** The parties shall file a joint status report as to the status of the case and their readiness to proceed to trial no later than ten (10) days prior to trial.

17.     **PLEA AGREEMENTS:** Absent exceptional circumstances, a plea agreement must be entered into between the parties and filed with the Court no later than seven (7) days prior to trial. The Court reserves the right to deny any downward adjustment for acceptance of responsibility at sentencing if the defendant enters into a plea agreement less than seven (7) days before trial. *See* U.S.S.G. §3E1.1 and Note 6 (noting that timeliness of the defendant's acceptance of responsibility is a consideration in allowing a downward adjustment at sentencing).

18.     **PROPOSED JURY INSTRUCTIONS, VERDICT FORMS, AND VOIR DIRE QUESTIONS:** Under Local Criminal Rule 30.1, the parties are required to file their proposed voir dire questions, proposed jury instructions, and proposed verdict forms no later than seven (7) days prior to trial.

19.     **STIPULATIONS:** In an effort to expedite trial and at least five (5) days prior to trial, the parties shall make a good faith effort to stipulate to evidentiary issues (e.g., the admission of exhibits, chain of custody, foundation, etc.) as well as factual and legal issues.

20.     **WITNESS AND EXHIBIT LISTS:** Under Local Criminal Rule 23.1, the parties shall provide a written list of all anticipated witnesses and a written list of all anticipated exhibits to the trial judge, the courtroom deputy, and the court reporter no later than the beginning of trial.

21.     **USE OF JURY EVIDENCE RECORDING SYSTEM (JERS):** The Court

uses the Jury Evidence Recording System (JERS) for the electronic submission of exhibits to the jury.  It allows the jurors to review most evidence (documents, photographs, and videos) on a large flat panel television screen during deliberations.  The parties shall provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the Office of the Clerk of Court no later than five (5) days prior to trial.  Counsel is required to provide their exhibits in the following electronic file formats:

- **Documents and Photographs:** .pdf, .jpg, .bmp, .tif., or .gif
- **Video/Audio Recordings:** .avi, .wmv, .mpg, .mp3, .mp4, .wma, or .wav

Individual files should not exceed 500MB.  If possible, exhibits approaching or exceeding this size limit should be separated into multiple files.  PARTIES MAY OBTAIN ADDITIONAL

Dated this 2nd day of June, 2023.

Kelly H. Rankin
Chief United States Magistrate Judge